[Civ. No. 2542. First Appellate District, Division One.—November 26, 1918.]

THE RICHMOND WHARF AND DOCK COMPANY (a Corporation), Plaintiff and Respondent, v. ANSON S. BLAKE et al., Appellants; BLAKE & BILGER COMPANY (a Corporation), et al., Defendants and Respondents.

CONTRACTS—FILLING IN TIDE-LANDS—RIGHT TO USE AND SUBLEASE LAND —NONLIABILITY FOR RENT.—Under a contract for walling in and filling certain tide-land whereby the contractor was to have the right to use and occupy the land during the work, rent free, for the purpose of building wharves and necessary for the prosecution of the work, and a quarry company (a codefendant) was to have the right to construct a wharf on another portion of the land and to use the same rent free, and also with the consent of all parties to sublet the same, paying one-half the rent to the owner of the land, the contractor was not liable in an action for use and occupation for the holding over by the subtenant of the quarry company after the contractor had surrendered possession individually and abandoned the work.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge. Reversed.

The facts are stated in the opinion of the court.

Johnson & Shaw and Sterling Carr for Appellants.

Reed, Nusbaumer. & Bingaman for Plaintiff and Respondent.

H. W. Pulcifer for Defendants and Respondents.

LENNON, P. J.—This is an appeal by defendant, Blake, from a judgment for the plaintiff in an action brought to recover from defendants the value of the use and occupation of a certain lot of tide-land in San Francisco Bay, designated as a portion of tide-land lot No. 16, and a certain wharf and approach to said wharf situated upon said land.

The several defendants answered separately. Appellant Blake, by his answer, denied that plaintiff or its predecessors was the owner of said lot of land, wharf, and approach to said wharf, and denied that he or any of said defendants ever used said wharf or approach to said wharf for any purpose whatsoever, except that defendant San Francisco Quarries Company, as tenant of said San Pablo Quarry Company, used and occupied said wharf and approach thereto, and denied that he ever conveyed any rock or materials over said wharf or said approach.

The appellant objects to all the findings of the trial court as being unwarranted under the evidence. The numerous arguments advanced by both appellant and respondent in support of their respective positions are almost all based upon divergent theories of the relationships of the parties involved in this action. It seems to us that if the relationships of these parties can be properly determined, all other questions involved will be settled thereby. And for this, it is necessary to examine the contract of August 3, 1906, between one A. S. Macdonald, plaintiff's assignor, and defendant, Anson S. Blake, which is a part of the record and which was the inception of the relationships of the parties. Under that contract, the appellant was to do certain work upon the land of Macdonald, such as building a seawall, filling, etc., and as compensation therefor, Macdonald was to transfer to Blake, after the completion of the work, an undivided one-half interest in the land so improved. As another consideration, Blake was to have the right to use and occupy the land for the period of the contract, rent free, for the purpose of building wharves and trestles necessary to the prosecution of his work; also, as an additional consideration, the San Pablo Quarry Company, one of the defendants herein, was to have the right to construct a wharf two hundred feet long at the southerly end of said land, and to use and occupy the same, rent free; also, said San Pablo Quarry Company was to have the right, with the consent of all

parties, to sublet said wharf if so constructed, provided, however, that in the event of a subletting, one-half the rent received from the lessee was to be paid to Macdonald, the owner of the land.

As pointed out in appeal No. 2543 by the other defendants to this action, the San Pablo Quarry Company was not originally a party to this contract and there was no privity between it and Macdonald. However, it had the privilege of availing itself of the consideration reserved to it under the contract, which it saw fit to do. Thereupon, we think, it became a party to the contract, and that when it went into possession of the southerly portion of the land and built its wharf thereon and sublet to the defendant, San Francisco Quarries Company, it became the tenant of Macdonald and there was privity between the two. Its possession was independent of and entirely unconnected with the possession of the defendant Blake. The contract itself recognizes Blake and the Quarry Company as different parties and accords them different rights. By its terms, Blake was to have the right to erect wharves and trestles of any length at any place on the land, and the Quarry Company was to have the right to erect one wharf at the southerly end of the land two hundred feet in length. After the expiration of the contract, the San Pablo Quarry Company held over by its tenant, San Francisco Quarries Company. We think, however, that this was not a holding over of Blake individually. Blake surrendered the possession he had of the land individually, and abandoned his work on the wall which he had started to build. We think he cannot be charged with the occupation of the other defendants.

An examination of the other points raised by appellant becomes unnecessary under this conclusion.

The judgment is reversed.

Beasly, J., *pro tem.*, and Sturtevant, J., *pro tem.*, concurred.